James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
YANET CALLES

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

YANET CALLES, an individual,

        Plaintiff,

        v.

EQUABLE ASCENT FINANCIAL,
LLC, a Delaware Limited Liability
Company; LAW OFFICES OF
HARRIS & ZIDE,  a California
Unincorporated Association; and
FLINT C. ZIDE, individually and in
his official capacity; and DOES 1
through 10, inclusive,

        Defendants.

_____/

Case No.

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq*.
California Civil Code § 1788 *et seq*.

Plaintiff, YANET CALLES, based on information and belief and investigation

of counsel, except for those allegations which pertain to the named plaintiff or her

attorneys (which are alleged on personal knowledge), hereby makes the following

allegations:

<u>INTRODUCTION</u>

    1. This is an action for actual damages, statutory damages, attorney fees and

costs brought by an individual consumer for Defendants' violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) and the Rosenthal

FDCPA, California Civil Code § 1788 *et seq*. (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

PARTIES

8. Plaintiff YANET CALLES ("Plaintiff") is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant EQUABLE ASCENT FINANCIAL, LLC (EQUABLE) is a Limited Liability Company engaged in the business of collecting debts in this State with its principal place of business located in Delaware. EQUABLE may be served by serving its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The principal business of EQUABLE is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. EQUABLE regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits. EQUABLE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant LAW OFFICES OF HARRIS & ZIDE (H&Z) is a California Unincorporated Association engaged in the business of collecting debts in this

1  State with its principal place of business located at: 1445 Huntington Drive, Suite

2  300, South Pasadena, California 91030. H&Z may be served at its business

3  address. The principal business of H&Z is collection of consumer debts and filing

4  and maintaining civil debt collection lawsuits and obtaining judgments in those

5  cases by utilizing the U.S. Mail, telephone and internet. H&Z regularly collects,

6  directly or indirectly, consumer debts alleged to be due to another via U.S. Mail,

7  telephone, internet, and civil debt collection lawsuits. The principal purpose of

8  H&Z's business is the collection of consumer debts due or alleged to be due to

9  another. H&Z is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and

10 Cal. Civil Code § 1788.2(c).

11     11. Defendant FLINT C. ZIDE ("ZIDE") is a natural person and licensed

12 attorney in the State of California and is or was an employee and/or agent of H&Z

13 at all relevant times. The principal purpose of ZIDE's business is the collection of

14 consumer debts due or alleged to be due to another.  ZIDE may be served at his

15 current business address which is 1445 Huntington Drive, Suite 300, South

16 Pasadena, California 91030. ZIDE is engaged in the business of  collection of

17 consumer debts and filing and maintaining civil debt collection lawsuits and

18 obtaining judgments in those cases by utilizing the U.S. Mail, telephone and

19 internet. ZIDE regularly collects, directly or indirectly, consumer debts alleged to

20 be due to another via U.S. Mail, telephone, internet, and civil debt collection

21 lawsuits. ZIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and

22 Cal. Civil Code § 1788.2(c).

23     12. The true names and capacities, whether individual, corporate, associate

24 or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are

25 unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by

26 such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all

27 relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive,

28 are natural persons, limited liability companies, corporations or business entities

of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

13. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Mateo County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## **FACTUAL ALLEGATIONS**
### The Underlying Alleged Debt

16. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household

purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the original creditor and later claimed by Defendant EQUABLE.

18. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendant H&Z and ZIDE for collection from Plaintiff.

The *Equable v. Calles* State Court Complaint

19. On or about March 7, 2013, Defendants filed a lawsuit in the Superior Court of San Mateo County, captioned *Equable Ascent Financial, LLC v. Yanets Calles, et al.*, Case No. CLJ520279 ("the *Equable v. Calles* complaint"), which sought to collect $2,579.97 in damages.

20. A true and accurate copy of the *Equable v. Calles* complaint is attached hereto, marked Exhibit 1, and by this reference is incorporated herein.

21. The *Equable v. Calles* complaint (Exhibit 1) prays for attorney fees, however, Plaintiff is informed and believes and thereon alleges that Defendants did not have any admissible evidence that Equable Ascent Financial, LLC would be entitled to an attorney fee award. In addition, there is no allegation in the complaint that prior to filing the lawsuit, Equable Ascent Financial, LLC informed Plaintiff in writing, pursuant to Code of Civil Procedure § 1033(b)(2), that the legal action could result in a judgment that would include attorney fees.

22. The *Equable v. Calles* complaint (Exhibit 1) falsely states that Plaintiff became indebted directly to Defendant EQUABLE.

23. In its First Cause of Action, the *Equable v. Calles* complaint (Exhibit 1) falsely states that:

CC-1. Plaintiff (*name*): Equable Ascent Financial, LLC alleges that defendant (*name*): Yanets Calles became indebted to plaintiff:

a. within the last four years
(1) on an open book account for money due;
(2) because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff;

b. within the last four years
(1) for money had and received by defendant for the use and benefit of plaintiff;
...
(4) for money lent by plaintiff to defendant at defendant's request;
(5) for money paid, laid out, and expended to or for defendant at defendant's special instance and request.

24. The First Cause of Action alleges that EQUABLE is entitled to attorney fees pursuant to a written agreement.

25. At no time has there been a written agreement between Plaintiff CALLES and EQUABLE nor has Plaintiff breached any written agreement with EQUABLE.

26. At no time was there an open book account for money due from Plaintiff CALLES to EQUABLE.

27. At no time was an account stated in writing between EQUABLE and Plaintiff CALLES nor has Plaintiff ever agreed that she was indebted to EQUABLE.

28. At no time did Plaintiff CALLES obtain money for the use and benefit of EQUABLE.

29. At no time did Plaintiff CALLES become directly indebted to EQUABLE, as alleged in the *Equable v. Calles* complaint (Exhibit 1).

30.  In its Second Cause of Action, the *Equable v. Calles* complaint falsely states that:

BC-1. Plaintiff (*name*): Equable Ascent Financial, LLC alleges that on or about (*date*): FEBRUARY 11, 2007 a written agreement was made made between (*name parties to the agreement*): Equable Ascent Financial, LLC & Yanets Calles.

31. The Second Cause of Action also alleges that EQUABLE is entitled to attorney fees pursuant to a written agreement.

32. At no time has there been a written agreement between Plaintiff CALLES and EQUABLE.

33. Plaintiff CALLES is informed and believes, and thereon alleges, that the *Equable v. Calles* complaint (Exhibit 1) misrepresented the character, amount and legal status of the alleged debt.

34. The *Equable v. Calles* complaint (Exhibit 1) bears an image of a signature believed to be that of Defendant ZIDE.

35. Plaintiff is informed and believes, and thereon alleges, that ZIDE did not conduct a professional review of Plaintiff's account before drafting and filing the the *Equable v. Calles* complaint (Exhibit 1) and sending it to Plaintiff.[1]

36. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Calles* complaint (Exhibit 1) misrepresented the role and involvement of legal counsel.

37. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Calles* complaint (Exhibit 1) misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

38. By drafting and filing the *Equable v. Calles* complaint (Exhibit 1), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

39. Plaintiff CALLES received a copy of the summons and complaint in the *Equable v. Calles* state court lawsuit that had been left in her mailbox, without lawful service pursuant to Code of Civil Procedure § 415.10 *et seq*.

40. Plaintiff CALLES filed an answer *in propria persona* in the state court lawsuit on April 8, 2013, thereby incurring actual damages in the form of costs of suit.

41. The answer in the state court lawsuit filed by Plaintiff included an affirmative defense that stated: "[t]he alleged account is not defendant's and/or was opened fraudulently or through the result of identity theft." A copy of the

---

[1]   *See Clomon v. Jackson* (2d Cir. 1993) 988 F.2d 1314 and *Avila v. Rubin* (7th Cir. 1996) 84 F.3d 222, 228-29.

answer was mailed to EQUABLE through its attorneys, H&Z and ZIDE. However, none of the defendants provided written notice to Plaintiff that she was required to produce additional information listed in California Civil Code section 1788.18(b) or a copy of the Federal Trade Commission's *Affidavit of Identity Theft* form.

<u>The Motion to Deem Facts Admitted</u>

42. On July 30, 2013, Defendants filed a "Notice of Motion for Order Deeming Requests for Admissions Admitted and for Monetary Sanctions," to be heard on August 21, 2013. The court clerk scheduled the hearing for September 3, 2013. Plaintiff had allegedly mailed a copy to Plaintiff CALLES on July 3, 2013 indicating that the hearing would take place on August 21, 2013. No one sent Plaintiff CALLES notice that the hearing had been actually scheduled by the clerk to take place on September 3, 2013.

43. Defendants' papers in support of the motion to deem facts admitted included a declaration by Defendant ZIDE which stated under penalty of perjury that Requests for Admissions had been mailed to Plaintiff CALLES on April 10, 2013. However, Plaintiff CALLES never received the Request for Admissions.

<u>False Requests for Admissions</u>

44. The Request for Admissions included requests covering ultimate facts in the case which, if admitted, would be outcome determinative. For example, the last request requested that Plaintiff CALLES admit that she had no defense to the action. However, Plaintiff is informed and believes and thereon alleges that Defendants had information suggesting that Plaintiff did, in fact, have a defense to the action, including but not limited to: (1) Plaintiff claimed the account was not hers, had been opened fraudulently and was the result of identity theft, and (2) EQUABLE did not have admissible evidence of its right to enforce the alleged debt. As a result, the requests for admissions included at least one false request.

45. The July 2, 2013 declaration of Defendant ZIDE stated that ZIDE mailed a letter to Plaintiff CALLES on May 22, 2013 informing her that if she did not

respond to the requests for admissions within ten days, that ZIDE's office "may file a motion to deem the requests for admissions admitted." The declaration states that a true and correct copy of the letter is attached to the declaration. However, the copy of the May 22, 2013 letter attached to the declaration did not state that a motion to deem the requests for admission admitted may be filed. Rather, the letter stated that ZIDE's office would file a motion to compel a response. As a result, the May 22, 2013 letter sent by Defendants was a false, deceptive or misleading representation or means in connection with the collection of debt.

46. Plaintiff CALLES went to the courthouse on August 21, 2013, as noticed in the copy of the motion that was served on her. Plaintiff CALLES' intent in appearing was to meet with Defendants and explain that she had been a victim of theft years earlier and that she did not believe that she had incurred the debt, and that it might have been incurred in her name as a result of identity theft. Of course, there was no hearing on that date, as the clerk had scheduled the hearing for September 3, 2013.

47. On September 3, 2013, there was no appearance by any party. The Court adopted its tentative ruling, which was to grant the motion and deem that the matters set forth in EQUABLE's Request for Admissions be deemed admitted.

48. The order of the state court deeming the requests for admissions admitted and for monetary sanctions was signed by the court on December 31, 2013 and filed January 2, 2014. The order states as follows:

> IT IS HEREBY ORDERED THAT the Requests for Admissions propounded on April 10, 2013, upon defendant, LEON COWEN [*sic*], herein be admitted. It is further ordered that defendant LEON COWEN [*sic*] pay to plaintiff EQUABLE ASCENT FINANCIAL monetary sanctions in the sum of $310.00 within 20 days of this order.

<u>The Motion for Judgment on the Pleadings</u>

49. On February 26, 2014, defendants filed a motion for judgment on the pleadings to be heard on March 17, 2014. A copy of the motion, setting the hearing for March 17, 2014, had been allegedly mailed to Plaintiff CALLES on February 10,

1  2014. The clerk scheduled the hearing for March 19, 2014. No one sent notice to

2  Plaintiff CALLES that the hearing had been actually scheduled to take place on

3  March 19, 2014.

4      50. This motion for judgment on the pleadings was founded on the state

5  court's order deeming the requests for admissions admitted, filed on January 2,

6  2014. However, the order of the court entered January 2, 2014 did not deem the

7  matters admitted as to Plaintiff CALLES but to a "Leon Cowen," not a party to the

8  state court lawsuit between Equable Ascent Financial LLC and Plaintiff CALLES.

9      51. On March 17, 2014, Plaintiff CALLES went to the courthouse and only

10 then obtained information that the hearing had been scheduled for March 19, 2014.

11     52. On March 19, 2014 Plaintiff CALLES appeared for the hearing on the

12 motion for judgment on the pleadings intending to oppose the motion, but had not

13 checked the tentative ruling and had not given notice to the court and to

14 Defendants of her intent to appear and oppose the tentative ruling of which

15 Plaintiff CALLES was unaware. As there was no appearance by Defendants or

16 anyone else on behalf of EQUABLE, the court continued the hearing to April 9,

17 2014.

18     53. Plaintiff CALLES thereafter hired the undersigned attorney to represent

19 her, thereby incurring actual damages in the form of attorney fees.

20     54. With the help of counsel, Plaintiff prepared responses to the requests for

21 admissions, an opposition to the motion for judgment on the pleadings, and a

22 motion for permission to withdraw or amend the deemed admissions so that

23 Plaintiff CALLES could defend against the action.

24     55. Plaintiff CALLES filed the opposition for judgment on the pleadings and

25 the motion for permission to withdraw or amend the deemed admissions on April

26 2, 2014. The motion for permission to withdraw or amend the deemed admissions

27 was scheduled to be heard on May 1, 2014.

28     56. On April 2, 2014, Defendants filed a dismissal of the action.

57. Defendants' multiple acts of misconduct during the litigation, including filing the complaint which falsely claimed that Plaintiff CALLES had an agreement with EQUABLE, serving notices of motions with incorrect hearing dates, serving false requests for admissions, and failing to inform Plaintiff that Defendants would be seeking an order deeming facts admitted, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[2] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[3]

58. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[4]

59. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

<u>CLAIMS</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

60. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

---

[2]   15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[3]
   *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

[4]   *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

61. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

62. Plaintiff YANET CALLES is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

63. Defendant EQUABLE is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

64. Defendant H&Z is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

65. Defendant ZIDE is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

66.  The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

67. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. falsely representing or implying that attorney ZIDE had professionally reviewed Plaintiff's account when ZIDE had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d. falsely representing the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e. misrepresenting the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

f. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

g. seeking an award of attorney fees in the *Equable v. Calles* complaint (Exhibit 1) without possessing any evidence of entitlement to an attorney fee award, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1);

h. propounding false requests for admissions, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f;

i. failing to give proper notice of motions with the correct hearing dates, in violation of 15 U.S.C. §§ 1692e and 1692f; and

j. seeking an order deeming facts admitted after advising Plaintiff in writing that Defendants would be filing a motion to compel a response, in violation of 15 U.S.C. §§ 1692e and 1692f.

68. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

69. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

70. Plaintiff brings the second claim for relief against Defendants EQUABLE and H&Z under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

71. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

72. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

73. Defendant EQUABLE is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

74. Defendant H&Z is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

75. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

76. Defendants EQUABLE and H&Z violated the RFDCPA, California Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.16, 1788.17 and 1788.18(b) by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

c. falsely representing or implying that attorney ZIDE had professionally reviewed Plaintiff's account when ZIDE had not done so, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d. falsely representing the role and involvement of legal counsel, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

e. misrepresenting the true source or nature of the communication, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

f. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

g. seeking an award of attorney fees in the *Equable v. Calles* complaint (Exhibit 1) without possessing any evidence of entitlement to an attorney fee award, in violation of Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;

h. propounding false requests for admissions, in violation of Civil Code § 1788.17 (15 U.S.C. §§ 1692e, 1692e(10) and 1692f);

i. failing to give proper notice of motions with the correct hearing dates, in violation of Civil Code § 1788.17 (15 U.S.C. §§ 1692e, 1692e(10) and 1692f); and

j. seeking an order deeming facts admitted after advising Plaintiff in writing that Defendants would be filing a motion to compel a response, in violation of Civil Code § 1788.17 (15 U.S.C. §§ 1692e, 1692e(10) and 1692f).

k. failing to notify Plaintiff in writing that she should provide further information concerning the alleged identity theft or send Plaintiff a copy of the FTC's *Affidavit of Identity Theft* form, in violation of Civil Code § 1788.18(b).

77. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

78. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

79. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

80. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

81. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

82. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that all Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants EQUABLE and H&Z violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.17 and 1788.18(b);

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

1

2

3

4

5    DATED: May 22, 2014                        _____/s/ James A. Michel_____
                                                JAMES A. MICHEL
6                                               State Bar No. 184730
                                                2912 Diamond St #373
7                                               San Francisco CA 94131
                                                Tel. # 415/ 239-4949
8                                               Email: attyjmichel@gmail.com

9                                               Attorney for Plaintiff
                                                YANET CALLES
10

11

12

13                        DEMAND FOR JURY TRIAL

14        PLEASE TAKE NOTICE that Plaintiff YANET CALLES hereby demands a

15   trial by jury of all triable issues of fact in the above-captioned case.

16

17   DATED: May 22, 2014                         _____/s/ James A. Michel_____
                                                JAMES A. MICHEL
18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

COMPLAINT

PLD-C-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar , r, and address):*
FLINT C. ZIDE
LAW OFFICE OF HARRIS & ZIDE
1445 HUNTINGTON DR., SUITE 300/STATE BAR NO. 160369
1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CA 91030
TELEPHONE NO. 626-799-8444   FAX NO. *(Optional):* 626-799-8419
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY CA 94063
BRANCH NAME: SOUTHERN BRANCH

PLAINTIFF: Equable Ascent Financial, LLC

DEFENDANT: Yanets Calles

[X] DOES 1 TO   5, INCLUSIVE

**FILED**
**SAN MATEO COUNTY**
MAR - 7 2013
Clerk of the Superior Court
By _____
DEPUTY CLERK

| CONTRACT | |
|---|---|
| [X] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

**Jurisdiction** *(check all that apply):*
[X] **ACTION IS A LIMITED CIVIL CASE**
 **Amount demanded** [X] does not exceed $10,000
 [ ] exceeds $10,000, but does not exceed $25,000
[ ] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
 [ ] from limited to unlimited
 [ ] from unlimited to limited

CASE NUMBER:

CLJ520279

1. **Plaintiff*** *(name or names):* Equable Ascent Financial, LLC

 alleges causes of action against **defendant*** *(name or names):* Yanets Calles

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
 [X] **except** plaintiff *(name):*   Equable Ascent Financial, LLC
 (1) [ ] a corporation qualified to do business in California
 (2) [ ] an unincorporated entity *(describe):*
 (3) [X] other *(specify):* LIMITED LIABILITY COMPANY

 b. [ ] Plaintiff *(name):*
 a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

 b. [ ] has complied with all licensing requirements as a licensed *(specify):*

 c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
 [ ] **except** defendant *(name):*        [ ] **except** defendant *(name):*

 (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
 (2) [ ] a corporation              (2) [ ] a corporation
 (3) [ ] an unincorporated entity *(describe):*      (3) [ ] an unincorporated entity *(describe):*

 (4) [ ] a public entity *(describe):*          (4) [ ] a public entity *(describe):*

 (5) [ ] other *(specify):*              (5) [ ] other *(specify):*

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

**PLD-C-001**

| SHORT TITLE: Equable Ascent Financial, LLC   VS. Yanets Calles | CASE NUMBER: |
|---|---|

4.  *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
        (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
        (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
    a. ☐ has complied with applicable claims statutes, *or*
    b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
    a. ☐ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☒ a defendant lives here now.
    d. ☐ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☒ other *(specify):* CCP 395 (B)

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    ☒ Breach of Contract
    ☒ Common Counts
    ☐ Other *(specify):*

9. ☒ Other allegations: PLAINTIFF IS THE OWNER/ASSIGNEE OF AN AGREEMENT ENTERED INTO BY DEFENDANT(S) WITH PLAINTIFF'S PREDECESSOR GE Capital Corporation PLAINTIFF HAVING TAKEN SAID ASSIGNMENT FOR VALUE.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ $2,579.97
    b. ☒ interest on the damages
        (1) ☐ according to proof
        (2) ☒ at the rate of *(specify):* 10.00 percent per year from *(date):* SEPTEMBER 13, 2010
    c. ☒ attorney's fees
        (1) ☐ of: $
        (2) ☒ according to proof.
    d. ☒ other *(specify):*
        SUCH OTHER RELIEF AS THE COURT DEEMS PROPER.

11. ☒ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    1, 4, 7

Date: DECEMBER 17, 2012

FLINT C. ZIDE
_____               ►  _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE: Equable Ascent Financial, LLC    VS. Yanets Calles | CASE NUMBER: |
|---|---|

<u>FIRST</u>          **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO   [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Equable Ascent Financial, LLC

alleges that defendant *(name):* Yanets Calles

became indebted to    [X] plaintiff    [ ] other *(name):*

a.  [X]  within the last four years
    (1)  [X]  on an open book account for money due.
    (2)  [X]  because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b.  [X]  within the last    [ ] two years    [X] four years
    (1)  [X]  for money had and received by defendant for the use and benefit of plaintiff.
    (2)  [ ]  for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff.
        [ ] the sum of $
        [ ] the reasonable value.
    (3)  [ ]  for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value.
    (4)  [X]  for money lent by plaintiff to defendant at defendant's request.
    (5)  [X]  for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
    (6)  [ ]  other *(specify):*

CC-2. $                    , which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest    [ ] according to proof    [ ] at the rate of _____ percent per year
    from *(date):*

CC-3.  [X]  Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [X] according to proof.

CC-4.  [X]  Other: $2,579.97, WHICH IS THE FIXED AND AGREED AMOUNT, IS DUE AND UNPAID DESPITE PLAINTIFF'S DEMAND PLUS PREJUDGMENT INTEREST AT THE RATE OF TEN (10.00) PERCENT PER YEAR FROM SEPTEMBER 13, 2010.

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(1)

| SHORT TITLE: Equable Ascent Financial, LLC   VS. Yanets Calles | CASE NUMBER: |
|---|---|

### CAUSE OF ACTION—Breach of Contract

<u>SECOND</u>
(number)

ATTACHMENT TO [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*: Equable Ascent Financial, LLC

alleges that on or about *(date)*: FEBRUARY 11, 2007
a [X] written   [ ] oral   [ ] other *(specify)*:

agreement was made between *(name parties to agreement)*: Equable Ascent Financial, LLC   &
Yanets Calles

[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement   [ ] are stated in Attachment BC-1   [X] are as follows *(specify)*:
PLAINTIFF, OR PLAINTIFF'S PREDECESSOR IN INTEREST, EXTENDED INTO A WRITTEN
AGREEMENT WITH DEFENDANT(S), WHEREBY CREDIT WOULD BE EXTENDED  TO
DEFENDANT(S), SERVICES RENDERED, GOODS AND SERVICES WOULD BE PROVIDED,
AND/OR MONEY WOULD BE EXTENDED AT DEFENDANT'S REQUEST. IN CONSIDERATION,
DEFENDANT(S) PROMISED TO REPAY  THE SUMS ADVANCED PLUS INTEREST.

BC-2.  On or about *(dates)*: SEPTEMBER 13, 2010
defendant breached the agreement by   [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify)*: DEFENDANT(S) FAILED TO REPAY THE SUMS PLUS INTEREST DUE UNDER THE
AGREEMENT.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4   [X] as follows *(specify)*: $2,579.97 PLUS INTEREST AT THE LEGAL
RATE OF 10.00 PERCENT PER ANNUM.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [ ] Other:

Page _____
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

### CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12

DECLARATION OF JURISDICTIONAL FACTS

    The undersigned declares that he/she is authorized to make this declaration for and on behalf of the plaintiff herein. Pursuant to Civil Procedure Sections 395 and 396(a), the above entitled court is the proper court for the trial of the above entitled action because:

[X]    One of the defendants resides within the jurisdiction of the above entitled court at the commencement of this action.

[ ]    Goods or services or loans were provided within the jurisdiction of the above entitled court.

    I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Executed DECEMBER 17, 2012 at South Pasadena, California.

_____
            FLINT C. ZIDE

DECLARATION OF JURISDICTIONAL FACTS

1